[Sac. No. 1315.   Department One.—January 31, 1905.]

In the Matter of the Estate of B. GIANELLI, Deceased. BERTHA GIANELLI, Executrix, Appellant, v. J. S. MOULTON, Administrator, and ANTONIO MORESCO et al., Creditors, Respondents.

ESTATES OF DECEASED PERSONS—SETTLEMENT OF ACCOUNT OF EXECUTRIX —OPPOSITION OF CREDITORS—CONFLICTING EVIDENCE—REVIEW UPON APPEAL.—An order settling the final account of an executrix, upon opposition of the public administrator and creditors, will not be disturbed when the evidence upon the hearing was substantially conflicting, notwithstanding the court might have found the other way upon some particulars of the account.

ID.—CARRYING ON BUSINESS—FINDING OF GAIN—LIABILITY OF EXECUTRIX.—The executrix must account for all of the estate of the decedent which came to her hands, and could not profit thereby; and where the court found, upon conflicting eviuence, that she had made a gain in carrying on the business of two stores belonging to the estate the settlement of her accounts charging her with such gain will not be disturbed, notwithstanding losses claimed by her, some of which were not satisfactorily accounted for.

APPEAL from a judgment of the Superior Court of San Joaquin County settling the final account of an executrix. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

Louttit & Middlecoff, for Appellant.

E. P. Foltz, for Public Administrator, Respondent.

Buck, Miller & Clark, and Miller & Clark, for Creditors, Respondents.

VAN DYKE, J.—This is an appeal by Bertha Gianelli from the judgment and order of the superior court of San Joaquin County settling her account as executrix of the last will and testament of B. Gianelli, deceased.

B. Gianelli died December 21, 1902. After his death on January 9, 1903, his widow was appointed by said court executrix without bonds, in accordance with the terms of the decedent's last will and testament. Decedent left certain real estate and two grocery-stores in Stockton, one at California and Fremont streets, and one at Weber Avenue and El Dorado Street, in said city. After the said executrix had been running the stores in question for some five months, certain creditors of the deceased became dissatisfied with the management of the estate and petitioned said court to compel the executrix to give bonds. Thereupon, after hearing, the court ordered the executrix to give bonds in the sum of nineteen thousand dollars, whereupon she resigned, and J. S. Moulton, the public administrator of San Joaquin County, was appointed administrator with the will annexed of said estate, and took possession of both stores. The executrix, under order of the court, filed her account and report of her administration of said estate. Said creditors and the public administrator, respondents herein, objected to the same and filed a contest, with the result that the court disallowed certain items of the account, and also charged the executrix with the estate not accounted for, and thereupon "ordered, adjudged, and decreed that the said executrix, Bertha Gianelli, pay to J. S. Moulton, as the public administrator of the county of San Joaquin, state of California, as administrator with the will annexed of the estate of B. Gianelli, the sum of $2,215.57, but out of said sum of $2,215.57 said Bertha Gianelli shall be entitled to retain the sum of $720, family allowance, and $156.65, her compensation as said executrix, and subject to the above payment, and said account is hereby in all respects as rendered, approved, allowed, and settled."

It is contended on behalf of the appellant that the evidence does not sustain or justify the findings and decree that the

executrix failed to turn over all the goods in the store when she resigned, and, further, that the court erred in finding and decreeing that the executrix had made a gain of $614.98 in carrying on the business of the decedent.

We have read the evidence, taken at the hearing on the settlement of the account of the executrix, and the most that can be said in favor of the contention of the appellant is, that in some particulars the court might have found the other way. Still the evidence as a whole is but substantially conflicting. Under the law the executor is chargeable in his account with the whole of the estate of the decedent which may come into his possession at the value of the appraisement contained in the inventory. (Code Civ. Proc., sec 1613.) He shall not make profit by the increase, nor suffer loss by the decrease or destruction without his fault of any part of the estate. He must account for the excess when he sells any part of the estate for more than the appraisement, and if any is sold for less than the appraisement he is not responsible for the loss, if the sale has been justly made. (Code Civ. Proc., sec. 1614.) As already stated, the executrix carried on the business of these two stores for some five months, and the evidence shows very clearly that she was, in many respects, lacking in the necessary knowledge of the business to conduct it in a proper business-like manner, and failed to account satisfactorily for some of the alleged losses. It also shows that her agent, Gus Gianelli, brother of the deceased, in the management of one of the stores was incompetent or unfit to carry on the business. In his cross-examination he was asked: ''Q. Would you consider the services of a manager who run his store behind some seven hundred dollars in less than six months a proper manager, or consider his services worth two hundred dollars [per month] if he did n't discover sooner than six months that he was running his store behind?—A. I don't know about that; I don't know anything about it. . . . —Q. But you rendered an account to the executrix showing a loss, did you not?—A. I could not say.''

Again he says, in speaking of some of the accounts: ''I have not turned these accounts over to the public administrator because they have not been asked for. I will turn them over whenever they are asked for or demanded. I do not know exactly how many of these outstanding accounts for

merchandise sold since Mr. Gianelli's death have been collected.''

The judge of the court below, with the witnesses giving their testimony before him, and observing their demeanor while testifying, is better able to give proper weight and credibility to such evidence than is the appellate tribunal. This fact is the reason of the rule that where there is a substantial conflict in the evidence the finding or judgment of the trial court will not be disturbed. (*Mahan* v. *Wood*, 105 Cal. 12; *Adams* v. *Burbank*, 103 Cal. 646; *Moore* v. *Douglas*, 132 Cal. 399.)

The judgment appealed from, settling the account, is affirmed.

Shaw, J., concurred.

Angellotti, J., concurred in the judgment.