[Civ. Nos. 27061, 27062. Second Dist., Div. Two. Jan. 27, 1964.]

H. J. WILSON, Plaintiff and Appellant, v. THE CIVIL SERVICE COMMISSION OF THE COUNTY OF LOS ANGELES et al., Defendants and Respondents.

(Two Cases.)

H. J. Wilson, in pro. per., for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, and James W. Briggs, Deputy County Counsel, for Defendants and Respondents.

HERNDON, J.—Appellant in these two consolidated appeals seeks reversal of the judgment entered against him in a proceeding wherein he sought a writ of prohibition, declaratory relief and an injunction against the Civil Service Commission of the County of Los Angeles and several of its officers. Appellant also appeals from several intermediate orders, including ones denying a preliminary injunction. The intermediate orders, other than those relating to the preliminary injunction, are not appealable; the appeals from those orders, therefore, will be dismissed.

Normally, orders denying or granting an injunction are appealable. (Code Civ. Proc., § 963.) The orders here presented, however, dealt solely with the right to preventive relief pending final judgment and they denied such relief. The entry of final judgment rendered the question of the right to interim relief moot, and therefore the appeals from said orders will also be dismissed. (*Agnew* v. *City of Los Angeles,* 51 Cal.2d 1, 2 [330 P.2d 385] ; *Agnew* v. *City of Los Angeles,* 190 Cal.App.2d 820, 821 [12 Cal.Rptr. 507].)

Although appellant's opening brief presents numerous contentions and arguments, he recognizes in his reply brief the correctness of respondent's observation that the determinative issue presented herein is whether respondent civil service commission exceeded the powers granted it by the Los Angeles County Charter in promulgating its rules providing for hearings by the commission after a decision of the secretary and chief examiner of the civil service department with respect to the promotional examination in question.

In substance, appellant's petition alleged that he was an applicant for the position of county clerk and had participated in an examination held on November 16, 1961. He was placed number four on the eligible list developed on the basis of this examination. Thereafter, appellant sought a hearing before the commission in accordance with the rules, the validity of which he now challenges. His petition for hearing was granted by the commission, a hearing officer was appointed and a hearing date was set; all this was done in accordance with the challenged rules.

During this hearing proceeding, but prior to its completion, appellant decided to challenge the power of the commission to conduct such hearing. Accordingly, he moved the hearing officer to terminate the proceedings. This motion being denied, the present action was instituted. By this action he seeks to enjoin the commission and its officers from completing the hearing, and he requests a declaration of the rights of the parties which, he alleges, would demonstrate the propriety of the relief requested. His complaint also seeks to challenge the validity of certain of the commission's rules regarding situations not relevant to his particular circumstance as well as the propriety of manner in which the hearing is being conducted. However, as heretofore indicated, such issues are not now properly before the court, if the commission has jurisdiction to conduct the hearing itself.

The decision thereof will be reviewable pursuant to the provisions of section 1094.5 of the Code of Civil Procedure.

Following the denial of appellant's motions for the issuance of an alternative writ of prohibition or for a temporary restraining order and preliminary injunction, respondents filed general demurrers to the complaint. ■ The trial court, after determining that the complaint failed to set forth facts sufficient to entitle appellant to the relief requested, sustained the demurrers. However, in accordance with the rule set forth and analyzed at length in *Wilson* v. *Board of Retirement*, 156 Cal.App.2d 195, 199-203 [319 P.2d 426], the court filed its judgment determining the rights of the parties to the extent required to dispose of the only issue properly before it.

■ Where a complaint sets forth a good cause of action for declaratory relief regarding a disputed question of law, the court should make a declaration thereon, rather than to enter a mere order of dismissal, even though the declaration is not in accord with the declaration sought by the plaintiff. Appellant makes the parenthetic contention that it was improper for the trial court to make this declaration in the course of sustaining a demurrer.

■ While it may be conceded that such a decision might more normally be made upon a motion for judgment on the pleadings, no reason appears why it may not also be done in connection with a demurrer (cf. *Wilson* v. *Board of Retirement, supra,* at p. 200), and certainly appellant has wholly failed to indicate how he was in any manner prejudiced by the procedure here followed. (Code Civ. Proc., § 475; Cal. Const., art. VI, § 4½.)

■ On the primary issue here presented, appellant contends that since the Los Angeles County Charter itself does not *specifically* require that hearings be held or that appeals be heard by the commission with respect to challenged examinations, and does not prescribe the manner in which such hearings or appeals shall be conducted, the commission is without authority to so provide by its adopted rules. We deem this contention to be without merit.

■ The true rule is that the commission has the power to promulgate appropriate rules for its own government. Rules so promulgated have the same force as charter provisions so long as they are applied within the scope of the authority contemplated by the charter. (*Campbell* v. *City of Los Angeles,* 47 Cal.App.2d 310, 312 [117 P.2d 901].) This basic

rule is recognized in the very cases relied upon by appellant such as *Bruce* v. *Civil Service Board,* 6 Cal.App.2d 633, 637 [45 P.2d 419], wherein it is stated:

"A rule within the scope of its application has the force and dignity of a law, but since the board owes its existence to the organic instrument it cannot, under the guise of exercising a rule-making authority, *alter the instrument which has created it."* (Italics added.) Earlier decisions such as *Cronin* v. *Civil Service Com.,* 71 Cal.App. 633, 642-643 [236 P. 339], are not in conflict, for in those instances the commissions had not adopted any rules providing for hearings. These decisions stand only for the proposition that, absent such a provision either in the charter or in the rules, the courts may not supply such deficiency.

 There is nothing whatsoever in the provisions of the Charter of the County of Los Angeles which is contrary to or inconsistent with, or which would be altered by, the commission developing rules to provide for hearings or for appeals to enable it to correct any errors that may have been committed either by the commission or by its officers in the course of fulfilling its lawfully prescribed functions. Thus, section 34 of the charter provides:

"The Commission shall prescribe, amend and enforce rules for the classified service, which shall have the force and effect of law; ... The rules shall provide: (1) For the classification of all positions in the classified service. (2) For open, competitive examinations to test the relative fitness of applicants for such positions ... (4) For the creation of eligible lists upon which shall be entered the names of successful candidates in the order of their standing in examination ... (11) For promotion based on competitive examination, ..." Section 34 concludes with the following empowering provision which is in accord with the general rule: "The commission *shall adopt such other rules,* not inconsistent with the foregoing provision of this section, *as may be necessary and proper for the enforcement of this article."* (Italics added.)

The rules promulgated by the commission relating to hearings or appeals not only are consistent with the duties imposed on the commission, but they appear to be well within the scope of that which is "necessary and proper for the enforcement" of these duties. Thus, in instances where a charter provided that no civil service employee should be discharged "except for cause" it has been held that such limitation alone necessarily implied that provision must be

made to accord the employee a full and formal hearing. (*Steen* v. *Board of Civil Service Comrs.*, 26 Cal.2d 716, 723 et seq. [160 P.2d 816].) Such a view conforms with the established judicial regard for administrative jurisdiction.

■ "Moreover, with particular reference to the administration of civil service, it is the policy of the courts of this state that 'Courts should let administrative boards and officers work out their problems with as little judicial interference as possible. ... Such boards are vested with a high discretion and its abuse must appear very clearly before the courts will interfere.' [Citations.] ■ 'To narrowly proscribe the rule-making power of the [board] ... would be to overlook one of the fundamental purposes of the policy of delegation of powers and to deprive the Legislature and the people of the state of one of the major benefits thereof. The essentials of the legislative function are the determination and formulation of the legislative policy. Generally speaking, attainment of the ends, including how and by what means they are to be achieved, may constitutionally be left in the hands of others. The Legislature may, after declaring a policy and fixing a primary standard, confer upon executive or administrative officers the "power to fill up the details" by prescribing administrative rules and regulations to promote the purposes of the legislation and to carry it into effect, and provision by the Legislature that such rules and regulations shall have the force, effect, and sanction of law does not violate the constitutional inhibition against delegating the legislative function. ...' '' (*Nelson* v. *Dean*, 27 Cal. 2d 873, 881 [168 P.2d 16, 168 A.L.R. 467].)

In addition, ''... a curtailment of administrative jurisdiction usually means an enlargement of the duties of the courts in a field in which the courts traditionally are reluctant to enter.'' (*Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 286 [109 P.2d 942, 132 A.L.R. 715].) "The courts, in numerous decisions [citation], have long recognized the obvious necessity of keeping such matters with the agency charged with the administration of a particular act and permitting that body initially to decide its myriad problems unhindered, for if it were otherwise, the specialized and technical problems which the Legislature intended to be solved by such agency might so burden the courts with original consideration of such complex questions of fact as to impair seriously the orderly disposition of their normal work.'' (*Hill* v. *Brisbane*, 66 Cal.App.2d 15, 21 [151 P.2d 578].)

▇▇ We therefore conclude that the trial court was correct in declaring that respondent commission had the power to adopt the challenged rules, and that by virtue of their provisions, appellant must exhaust this administrative remedy before applying to the courts for relief.[1] (*Abelleira* v. *District Court of Appeal, supra,* pp. 292-293; *Alexander* v. *State Personnel Board,* 22 Cal.2d 198, 200 [137 P.2d 433]; *State Personnel Board* v. *Superior Court,* 175 Cal.App.2d 158, 160-161 [345 P.2d 976].) ▇▇ Appellant's arguments to the effect that the inquiry into the validity of administrative orders or decisions provided for by section 1094.5 of the Code of Civil Procedure is more restricted or more cumbersome and expensive than immediate intervention by the courts obviously furnishes no basis for departing from the rule requiring exhaustion of administrative remedies, where, as here, the administrative remedy has been lawfully provided. (Cf. *Metcalf* v. *County of Los Angeles,* 24 Cal.2d 267, 272-273 [148 P.2d 645].)

The judgment is affirmed and the appeals from the orders are dismissed.

Fox, P. J., and Roth, J., concurred.

---

[1] As heretofore indicated, the sole question here presented relates to the power of the commission to adopt rules providing for a hearing or appeal; therefore, we do not reach the questions whether the rules adopted are adequate for every hypothetical situation or whether they have been properly applied in the instant proceeding. Such determinations, if required, may be made in the usual fashion following exhaustion of the administrative remedy. (Code Civ. Proc., § 1094.5.)