[Civ. No. 8739.   Fourth Dist., Div. One.   Mar. 26, 1968.]

WILLARD A. RIGLEY, Plaintiff and Respondent, v. BOARD OF RETIREMENT OF THE SAN DIEGO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, Defendant and Appellant.

446

Bertram McLees, Jr., County Counsel, and Joseph Kase, Jr., Deputy County Counsel, for Defendant and Appellant.

Carlson & Hofflund and Robert G. Carlson for Plaintiff and Respondent.

COUGHLIN, J.—This is a proceeding under section 1094.5 of the Code of Civil Procedure to review the decision of a retirement board denying the application of a member of the retirement system for a service connected disability retirement allowance.

Willard A. Rigley, petitioner-respondent, was a safety member of the San Diego County Employees' Retirement System for more than five years, having served as a deputy sheriff of that county for 23 years; became permanently incapacitated for the performance of duty because of heart trouble; applied for a service connected disability retirement allowance, which was denied by the Board of Retirement of the San Diego County Employees' Retirement Association, appellant; was awarded a nonservice connected disability retirement allowance; and brought the instant proceeding to require the Board to grant him a service connected allowance.

The trial court entered judgment ordering issuance of a peremptory writ of mandamus commanding the Board to set aside its decision denying petitioner's application for a service connected disability retirement allowance and to grant him such allowance effective August 23, 1965. The Board appealed from this judgment. We conclude the judgment directing the Board to grant petitioner a service connected disability retirement allowance was proper.

The hearing on petitioner's application, at which evidence oral and documentary was received, consumed three days, i.e., November 10, 15 and 17, 1965. On the latter date counsel for the respective parties presented their arguments, and the matter was submitted for decision.

The Board was comprised of seven members. Only five of the members were in attendance throughout the hearing. At that time "By-Laws and Regulations" which had been adopted by the Board on January 8, 1964, and approved by the Board of Supervisors on January 14, 1964, were in effect. Rule XIII of the By-Laws and Regulations prescribed the "procedure for acting upon applications" for retirement allowances. Pertinent to the case at bench are the following provisions:

"The board shall determine all factual issues raised by the application. At the hearing for disability retirement, the board shall determine first whether the member is permanently incapacitated for the performance of duty, and second, whether

his incapacity is a result of injury or disease arising out of and in the course of his employment or whether he has completed five years of service.

". . .

". . . All hearings before this board shall be conducted in the following manner:

". . .

". . . No hearing before the board shall be held unless at least a majority of the entire board is present. The same members must be in attendance throughout the hearing and only those members who have been in attendance throughout the hearing may vote thereon.

". . .

". . . . The board shall render its decision by the second regular meeting following the meeting at which the matter is submitted for decision. Any finding or decision of the board must be made by a majority of the members of the board voting. A tie vote results in a failure to find in favor of the applicant and constitutes a denial of the application, or that portion of the application, on which the vote is taken.

". . .

". . . . A copy of this rule shall be furnished to applicant and to any party at the time notice of hearing is given."

Adoption of rule XIII was authorized by Government Code, sections 31525 and 31526; the former provides: "The board may make regulations not inconsistent with this chapter [viz. the County Employees' Retirement Law of 1937]. The regulations become effective when approved by the board of supervisors"; and the latter provides: "The regulations *shall* include provisions: (a) For the election of officers, their terms, *meetings,* and *all other matters relating to the administrative procedure of the board.* (Italics added.) . . ."

Clearly the provisions of rule XIII were not inconsistent with the retirement statute and concerned "matters relating to the administrative procedure of the board." (Cf. *Wilson* v. *Civil Service Com.,* 224 Cal.App.2d 340, 345 [36 Cal.Rptr. 559].)

At a meeting on December 8, 1965, the Board further considered petitioner's application. Only four of the five members who had been in attendance throughout the hearing were present. By the unanimous vote of these four members the Board found petitioner was "permanently incapacitated for the performance of his duties in the service." Thereupon the question whether his incapacity was service connected was considered; the temporary chairman put the question: "Is

this permanent incapacity a result of an injury or disease occurring in and arising out of and in the course of his employment"; a vote on this question by the four members resulted in two "Ayes" and two "Noes"; further discussion ensued; the chairman again put the question to a vote which resulted in three "Ayes" and one "No"; the temporary chairman, who had not been in attendance throughout the hearing, announced his wish to read the transcript and participate in the voting; and, after further discussion, a motion rescinding all action, ordering a transcript of the proceedings and continuing the deliberations to a future time was adopted, only the four attending members voting.

The application was considered again on January 26, 1966. All seven members of the Board were present. The two members who had not been in attendance throughout the hearing stated they had read a transcript of the proceedings. Following a discussion, a motion was made that the Board find petitioner's incapacity was "a result of injury or disease occurring in and arising out of and in the course of his employment." Three of the members who had been in attendance throughout the hearing voted "Aye"; two of the members who had been in attendance throughout the hearing voted "No"; and the two members who had not been in attendance throughout the hearing voted "No." Thereupon, as stated in the minutes of the meeting: "The chairman announced that the Board finds that the permanent incapacity of Willard Rigley is not a result of injury or disease occurring in and arising out of and in the course of his employment." After reciting the findings in the premises, the minutes then set forth the following:

"It is Therefore Ordered that the application of Willard A. Rigley for a service connected disability retirement be denied, and that said applicant be retired for a non-service connected disability retirement effective August 23, 1965."

In allegedly making the finding as announced by the chairman and denying petitioner's application, the Board did not proceed in the manner required by law; its action constituted an abuse of discretion as defined in section 1094.5 of the Code of Civil Procedure; the decision should be set aside; and the Board should be ordered to grant petitioner's application as directed by the trial court.

Under rule XIII the motion to find petitioner's incapacity was service connected was adopted by the affirmative

vote of three of the five members of the Board who were in attendance throughout the hearing. Only those members were entitled to vote on the matter. The votes of the two members not in attendance at the hearing were a nullity. Thus, on the face of the record, the motion was adopted and the announcement by the chairman that the Board found petitioner's incapacity was not service connected was incorrect. The minutes should be amended accordingly.

The By-Laws and Regulations adopted by the Board, pursuant to Government Code, section 31525, had the force of law; were binding until abrogated; and could not be modified except in the manner prescribed by the statute. (*Wilson* v. *Civil Service Com.*, *supra,* 224 Cal.App.2d 340, 344-345; *Globe* v. *County of Los Angeles,* 163 Cal.App.2d 595, 598 [329 P.2d 971]; *Viner* v. *Civil Service Com.,* 59 Cal.App.2d 458, 465 [139 P.2d 88]; *Campbell* v. *City of Los Angeles,* 47 Cal.App. 2d 310, 312 [117 P.2d 901]; *Bruce* v. *Civil Service Board,* 6 Cal.App.2d 633, 637 [45 P.2d 419]; *Mitchell* v. *McKevitt,* 128 Cal.App. 458, 461 [17 P.2d 789].)

The Board contends the rule permitting only those who were in attendance throughout the hearing to vote on the issues presented is not a ''regulation'' within the meaning of Government Code, section 31525; is merely a rule for the guidance and protection of the members of the Board; and may be suspended or ignored by them, who alone may complain of their action in so doing. The decision in *Grosjean* v. *Board of Education,* 40 Cal.App. 434, 437 [181 P. 113], is cited in support of this position. The situation in the cited case is not analagous to the situation in the case at bench. The rule in question was adopted in the manner prescribed by Government Code, section 31525, as a regulation authorized by that section. Its adoption was approved by the Board of Supervisors as required by Government Code, section 31525, and any decision to suspend or terminate its application would require previous approval by the Board of Supervisors. The rule incorporates the concept a trier of fact who sees and hears the witnesses is in a better position to judge their credibility and the meaning of their testimony than one who does not see or hear them. (Gen. see *Dillard* v. *McKnight,* 34 Cal. 2d 209, 223 [209 P.2d 38‾, 11 A.L.R.2d 835]; *Estate of Gianelli,* 146 Cal. 139, 142 [79 P. 841]; *People* v. *Silva,* 119 Cal.App.2d 421, 426 [259 P.2d 74]; *Security-First Nat. Bank* v. *Bruder,* 44 Cal.App.2d 767, 772 [113 P.2d 3].) Its purpose is not to guide or protect the members of the Board but to

prescribe an accepted fact-finding procedure. Noteworthy is the requirement in rule XIII that a copy of its provisions be furnished an applicant before the hearing, affording him knowledge of the procedure governing the determination of his application. A decision in his favor predicated on a vote of four members of the Board, two of whom were not in attendance through the hearing, would be contrary to law. For the same reason, a vote against him under the same circumstances would be contrary to law.

In support of its position the Board also cites the decision in *Cooper* v. *State Board of Medical Examiners*, 35 Cal.2d 242, 244-246 [217 P.2d 630, 18 A.L.R.2d 593], holding that a member of an agency who had read a transcript of the evidence received at a hearing was not foreclosed from voting on the issue presented by a statute declaring no member of the agency " 'who did not hear the evidence shall vote on the decision.' " In the case at bench rule XIII is broader in scope than the statute in the cited case; is not limited to the requirement a voting member shall hear the evidence on the issue to be decided; instead, by prescribing "attendance" throughout the hearing, requires the personal presence of a Board member at the hearing to qualify him to vote on the issues tried.

Petitioner claims the Board found his incapacity was service connected at its December 8th meeting, by the vote in his favor of three of the four qualified voting members then present; contends the Board had no authority to reconsider this action; and cites the general rule stated in *DeWitt* v. *Board of Supervisors*, 53 Cal.2d 419, 422 [348 P.2d 567], in support of this contention. Previously, the vote of the same members was a tie which, under rule XIII, constituted "a failure to find in favor of the applicant." However, the votes taken at this meeting did not result in a finding or decision. The minutes of the Board show the votes at the December 8th meeting were on "the question" whether applicant's incapacity was service connected, whereas the vote at the January 26th meeting was on "the motion" that the Board find the applicant's incapacity was service connected; also show the chairman at the December 8th meeting did not declare the Board had reached a decision, whereas at the January 26th meeting he "announced" the Board "finds" the applicant's incapacity was not service connected; and set forth the decision of the Board at the January 26th meeting to deny the application for a service connected retirement, which was the

only decision upon the application the Board made.

It is unnecessary, in light of our conclusion, to consider petitioner's contention respecting the insufficiency of the evidence to support the decision.

The judgment is modified by adding thereto the command to the Board to correct the minutes of its January 26, 1966 meeting to show the Board finds the permanent incapacity of Willard Rigley is a result of injury or disease occurring in and arising out of and in the course of his employment; and as modified, the judgment is affirmed. Respondent Rigley to recover costs on appeal.

Brown (Gerald), P. J., and Whelan, J. concurred.

A petition for a rehearing was denied April 15, 1968, and appellant's petition for a hearing by the Supreme Court was denied May 22, 1968.