[Civ. No. 5271. Fifth Dist. Sept. 11, 1981.]

KELLER INDUSTRIES, INC., Plaintiff and Appellant, v.
OCCUPATIONAL SAFETY AND HEALTH APPEALS BOARD,
Defendant and Respondent;
DIVISION OF OCCUPATIONAL SAFETY AND HEALTH, Real
Party in Interest and Respondent.

470

---

**COUNSEL**

Robert D. Peterson & Associates and Robert D. Peterson for Plaintiff and Appellant.

Robert A. Heron and Linda A. Clevenger for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

## OPINION

**THE COURT.\***—Appellant was cited by the Division of Occupational Safety and Health for violations of health and safety standard promulgated under the state's Occupational Safety and Health Act (Lab. Code, § 6300 et seq.) alleged to have been found by the division on inspection of appellant's plant at Merced. Respondent scheduled the matter for hearing before an administrative law judge in Stockton. Appellant sought to have the place of hearing changed to Merced. When respondent refused to make the change, appellant petitioned the Merced County Superior Court for a writ of mandate to compel respondent to reset the matter for hearing in Merced. The superior court issued an alternative writ but after hearing rendered judgment denying the peremptory writ of mandate and discharging the alternative writ. The present appeal is from that judgment.

After appellant filed notices of appeal from the citations, respondent on March 7, 1979, sent appellant a notice of hearing stating that the appeals from the nine citations were consolidated and the consolidated appeal was set for hearing at room A-10, State Building, 31 East Channel Street, Stockton, California, on April 18, 19 and 20, 1979, at 9 a.m. Appellant by telephone and letter to respondent's executive officer on March 12, 1979, requested that the location of the hearing be changed to Merced. The content of the telephone conversation is not disclosed. The material part of the letter states, "Please be advised we wish to have the hearing held in the City of Merced, on a date that is established by your office."

Respondent's executive officer replied to appellant's March 12 letter by letter dated March 20, 1979, stating: "We are in receipt of your March 12 letter requesting a change of venue of your firm's hearing. [¶] The Board ruled that sufficient cause was not shown to grant your request; therefore, the hearing will commence as previously scheduled."

---

*Before Franson, Acting P. J., Andreen, J., and Pettitt, J.†

†Assigned by the Chairperson of the Judicial Council.

Appellant's general counsel responded by letter dated March 28, 1979, to respondent's executive officer stating in material part:

"We note in reviewing Title 8, Article 4., Section 376., of the California Administrative Code that the Appeals Board is obligated to set the time and place of hearing as near as practicable to the place of employment where the violation is alleged to have occurred. We believe that conducting the hearings in Stockton, as opposed to Merced, creates an unnecessary hardship on employees of the Company who will be presenting testimony and evidence at the time and place of the hearing. Further, as I am sure you are aware, previous appeals of citations have been conducted in the County Administration Building in Merced, California, and so it would appear that Merced is a more appropriate location for conducting the hearings.

"Please accept this letter as the Company's formal request for a reconsideration of Mr. Setchen's letter of March 12, 1979 to change the location of the hearing relative to the to the [sic] above-referenced citations.

"Should any further information from our office be necessary in order to facilitate the Board's reconsideration of our request, or if a more formal notice is required, please be so kind as to advise me by telephone or in writing."

Respondent's later decision states:

"The records of the Appeals Board indicate that on April 5, 1979, chief counsel for the Appeals Board advised Employer's general counsel by telephone that the letter of March 28, 1979, could not be considered a motion or a petition for reconsideration since it did not meet statutory requirements, that the staff of the Appeals Board had determined that appropriate state facilities were not available in Merced on April 18, 1979, and that the administrative law judge assigned to the matter would be instructed to take witnesses during the two days scheduled for the hearing in any order that would accommodate Employer. The records also reflect that Employer's general counsel indicated that Employer would proceed with the hearing."

On April 18, 1979, at the time and place appointed for the hearing, appellant's controller, George Hall, appeared as appellant's representa-

tive. At the beginning of the hearing, the following colloquy between the administrative law judge and Mr. Hall occurred:

"ALJ: . . . Mr. Hall has made a request to me prior to going on the record and I have indicated to him that that should be made on the record. It relates to the venue, as it were, of this . . . of this hearing being in Stockton. Mr. Hall, is my understanding correct that you are making another motion even though the Board has denied your previous motion to move this hearing to Merced?

"MR. HALL: Yes.

"ALJ: And would you state the reason for that motion, please?

"MR. HALL: The basis for our appeal in this matter is we are going to rely heavily on witnesses from our plant. Most of these people serve in a supervisory capacity. To have all these people subpoenaed and removed from the premises would create a close-down situation in our plant, which would be completely impossible for us to bring all those people to Stockton. If the hearing can be held in Merced, it would be of benefit to us because we could call the people from their work as we need them.

"ALJ: Okay, and as I have indicated to you, I feel powerless to make that request a reality because of the fact that the Board has previously ruled against you on this matter on what I believe to be the substantially the same basis that you made at that time. So I will have to deny that again. However, I will make it a part of the record here your letter here from the Board of Supervisors by Deputy Christine A. Crebbs (phonetic) dated April 17, 1979, indicating availability of some space in Merced . . . ."

The upshot of the hearing was that appellant withdrew its appeals from the citations with the understanding they would be reinstated and there would be a hearing on the merits if the venue question should be resolved in appellant's favor in further proceedings.[1]

---

[1]In appealing to respondent from the citations, appellant indicated that it was contesting only "the amount of the fine imposed for each violation alleged on the citation and . . . the characterization of the violations as repeated general, serious and repeated serious." Appellant did not dispute the existence of the alleged violations, the reasonableness of the abatement date, or the reasonableness of the changes required to abate. The total amount of the fines (civil penalties) assessed in the citations was $3,205.

Following the hearing, the ALJ filed a decision formally denying the "motion for change of venue." Appellant then filed a timely petition for reconsideration of the decision. Respondent formally denied the petition, but its opinion filed July 20, 1979, affirming the ALJ's decision, comprehensively reviews the case and shows that respondent did in fact fully consider the venue question on its merits based on the administrative record.

Appellant then brought the mandamus proceeding. The trial court ruled after a hearing that respondent's refusal to reset the administrative appeals for hearing in Merced was not an abuse of discretion. The court said in a preliminary order before judgment: "The Court finds that the Petitioner did not present sufficient facts to the Respondent which would indicate to this Court that Respondent in denying a change of venue abused its discretion. [¶] Petitioner should have supported its request by indicating the number of witnesses, names of witnesses, titles and nature of their employment, and whether their testimony would be cumulative. [¶] This failure, along with the alternatives available to Respondent such as (1) affidavits, (2) stipulations, and (3) scheduling of witnesses prevents the Court from determining that Respondent abused its discretion." The court accordingly denied the writ. The present appeal followed.

## DISCUSSION

██ Plainly, it was discretionary with respondent whether to grant appellant's request that the administrative hearing be held in Merced instead of Stockton. Section 376, subdivision (b), of respondent's regulations (Cal. Admin. Code, tit. 8, § 376, subd. (b)), provides that respondent "... *may* set the time and place of hearing at a location as near as practicable to the place of employment where the violation is alleged to have occurred." (Italics added.) The word "may" as used in the regulation connotes permissive or discretionary authority. (*Gyler* v. *Mission Ins. Co.* (1973) 10 Cal.3d 216, 219 [110 Cal.Rptr. 139, 514 P.2d 1219]; *California Teachers' Assn.* v. *Governing Board* (1977) 70 Cal.App.3d 833, 842 [139 Cal.Rptr. 155]; former tit. 1, § 3, Cal. Admin. Code, since repealed but in effect throughout 1979.)

██ The question then is whether respondent abused its discretion in denying the request to move the hearing to Merced. We agree with the trial court that respondent's denial of the request was not an abuse of discretion.

. . .

Much of appellant's argument on the point assumes facts that were never properly presented to respondent or the ALJ when the request was made. For instance, it is asserted in appellant's opening brief: "In the instant case, the uncontradicted evidence establishes that petitioner would have needed to close its entire business in order to defend itself in the CAL/OSHA proceeding. [¶] Must an employer suffer this type of consequence in order to exercise a statutory right?" The so called "uncontradicted evidence" is not cited and so far as we can determine is nonexistent. Appellant's controller, Mr. Hall, made an offhand representation to the ALJ at the April 18, 1979, hearing, in the colloquy quoted earlier in this opinion that appellant was going to "rely heavily" on witnesses from the Merced plant, most of whom served "in a supervisory capacity," and to have all of them subpoenaed and brought to Stockton "would create a close-down situation in our plant."

The March 28, 1979, letter from appellant's general counsel to respondent's executive officer stated only, in this respect, "that conducting the hearings in Stockton, as opposed to Merced, creates an unnecessary hardship on employees of the Company who will be presenting testimony and evidence at the time and place of the hearing." So far as the record shows, the representation by Mr. Hall to the ALJ and the letter from appellant's general counsel comprise the sum total of the "uncontradicted evidence" mentioned in appellant's opening brief. We agree with the conclusion of the trial court that appellant did not present sufficient facts to respondent in support of the request for change of venue to make the denial of the request an abuse of discretion.

Appellant argues that there is no requirement in respondent's regulations that an appellant moving for change of venue show good cause for the motion. It seems to us self-evident, however, that abuse of discretion by respondent in ruling on such a motion would have to be predicated on a convincing showing of facts made to respondent with the motion. In this case at least, the motion or request did not speak for itself.

Appellant contends further that respondent's refusal to move the hearing to Merced effectively denied appellant due process of law. Appellant's arguments on this issue unfortunately emit more heat than light, and we find them devoid of merit. Most of the arguments, indeed, are predicated on assertions as to factual matters that are belied by the record.

Stockton is 64 miles by highway from Merced.[2] We hold that it is not a denial of due process to require litigants and their witnesses to travel 64 miles to a place of hearing in this state in order to have their day in court, at least absent a showing that the place of hearing was selected arbitrarily or with improper motive.

One could only speculate whether respondent would have moved the hearing to Merced if appellant had shown by testimony or affidavit that in fact it would be necessary to close down appellant's plant in Merced for two days if the hearing were held in Stockton. Contrary to appellant's argument, appellant failed to make any semblance of such a showing although appellant had a full opportunity to do so if there were a factual basis for it.

We share the same doubts respondent and the trial court do as to whether appellant actually would have had to close its plant down for the two hearing days in order to present its case properly at Stockton. As respondent observed in its decision, "Employer could have proceeded by either affidavit or declaration pursuant to section 372.4, could have cross-examined division's witnesses, could have introduced the testimony of its controller who was present at the hearing, or could have called witnesses out of order during the two days scheduled for the hearing."

Appellant claims that it never had a hearing or opportunity for a hearing on the venue question, since the ALJ stated at the April 18, 1979, hearing that the board had already ruled on this question and he was powerless to change the board's ruling. Obviously, however, the morning trial is scheduled to begin is rather late for making a serious effort to obtain a change of venue. Even so, appellant might have made an offer of proof to the ALJ and thus made a record for later review by respondent. As the subsequent proceedings before respondent show, it is not at all improbable that respondent would have granted reconsideration and ultimately a change of venue if appellant had made a reasonably adequate offer of proof to the ALJ.

Appellant cites *McCullough* v. *Terzian* (1970) 2 Cal.3d 647, 654 [87 Cal.Rptr. 195, 470 P.2d 4, 47 A.L.R.3d 266], as holding that due process of law includes "the rights to appear personally before the official who will make the decision and to present evidence." The *McCullough* case does not so hold. The Supreme Court was there speaking of proce-

---

[2]Respondent took official notice of this fact.

dures to be followed by a county welfare department before termination of a recipient's welfare benefits. The court was not stating a rule applicable to administrative proceedings generally, where, in California, typically the hearing is held before an administrative law judge and the decision is made by the administrative agency or tribunal.

The further argument is made, if we understand it, that the ALJ did not comply with Labor Code sections 6602, 6604, and 6608 in dealing with the venue question. The record demonstrates otherwise. Moreover, considering the circumstances and the showing (or lack thereof) made by appellant at the hearing, it appears to us the ALJ could hardly have been expected to do more than he did in his handling of the venue question.

In a closing brief appellant restates its main arguments in somewhat different form. Only one of the restated arguments bears mentioning. Appellant contends that the venue question was decided March 20, 1979, with the letter respondent's executive officer wrote to appellant, and everything that occurred afterwards was "surplusage and extrinsic" as to that issue. Ironically for appellant, if March 20, 1979, is accepted as the date respondent made its order on the venue question, appellant's petition to respondent for reconsideration would have been filed too late and the case might have ended there. We think the correct view of this aspect of the matter is the one stated in respondent's July 20, 1979, decision where respondent said:

"At the outset, the issue before the Appeals Board is not the propriety of the action taken on March 20, 1979. Employer's request of March 12, 1979, was not framed as a motion to the Appeals Board. The response of the executive officer was not an order of the Appeals Board. Rather, the issue before the Appeals Board is the propriety of the action taken on April 18, 1979, and in that regard, Employer's petition for reconsideration is timely."

Finally, asserting that it was "deprived of a constitutional right, i.e., its right to a hearing on both the issue of venue and the substantive determination concerning the propriety of the civil penalty assessed by the Division," appellant argues that it "is entitled to a judicial determination of whether the denial of a hearing on each of these two issues denied petitioner a fundamental right and the trial court committed le-

gal error in not so ruling upon petitioner's right to these hearings." Since we have concluded there was no denial of a hearing on either of the two issues, we do not reach the further question posed by this argument.

The judgment is affirmed.